THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID L. WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:09-cv-960-TFM |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is *Plaintiff's Petition for Attorney Fees*. *See* Doc. 20, filed Jan. 06, 2011. Plaintiff seeks an award of attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the amount of $4,589.19 to be paid directly to Plaintiff's counsel. Defendant contends that his position in this matter was "substantially justified," and that, as a result, the motion should be denied. *See* Doc. 22. Defendant also claims that, should attorney's fees be awarded, such award should be payable directly to Plaintiff rather than Plaintiff's counsel. *Id*.

Under the EAJA, a court is required to award attorney's fees to the prevailing plaintiff in a Social Security appeal "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002) (quoting 28 U.S.C. § 2412(d)(1)(A)). "The government's position is

substantially justified under the EAJA when it is justified to a degree that would satisfy a reasonable person - i.e. when it has a reasonable basis in both law and fact. The government bears the burden of showing that its position was substantially justified." *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997) (internal quotations and citations omitted).

The Court remanded this case to the Commissioner, hence Plaintiff was made a "prevailing party," upon entry of the Court's Memorandum Opinion and Order (Doc. 18) and Judgment (Doc. 19) of reversal. The Court ordered reversal and remand because the Administrative Law Judge ("ALJ") "failed to incorporate Walker's moderate limitation in concentration, persistence, and pace into his hypothetical to the Vocational Expert ("VE")." *See* Doc. 18 at p. 12. By failing to include the limitations in his hypothetical to the VE, the ALJ, effectively, established an opinion which lacked substantial evidentiary support. The VE's expert opinion was unreliable because she based her opinion on an inadequate hypothetical. The Court could not conduct a meaningful review of the ALJ's decision because the ALJ did not provide the Court with clear evidence as to his intent with regards to Walker's moderate limitations in concentration, persistence, and pace.

Defendant bears the burden of proving that his position was "substantially justified." The Commissioner argues that the Plaintiff is not entitled to fees because his position was "substantially justified as to this issue because it had a reasonable basis in both fact and in law." *See* Doc. 22 at p. 2. The Commissioner's argument essentially rests on the fact that the "hypothetical question" issue was a new issue that the Eleventh Circuit resolved only

after the briefing period for this case concluded.[1]  However, as Plaintiff points out, the Eleventh Circuit held that the ALJ is required to incorporate the results of a Psychiatric Review Technique ("PRT") into his findings and conclusions.  *See Moore v. Barnhart*, 405 F.3d 1208, 1213-14 (11th Cir. 2005).  The Eleventh Circuit merely refined a detail in *Richter v. Commissioner of Social Security*.  379 F. App'x 959 (11th Cir. May 21, 2010).  Consequently, the Commissioner's position was not reasonable in law and not substantially justified.  Therefore, the Plaintiff is entitled to an award of fees under EAJA.

The Plaintiff seeks fees in the amount of $4,589.19.  The Commissioner contends that any award of attorney's fees should be made payable to Plaintiff rather than his counsel, in light of recent Supreme Court authority.  *See Astrue v. Ratliff*, 130 S.Ct. 2521 (2010).  While *Ratliff* generally confirms that attorney's fee awards under the EAJA are payable to the "prevailing party" - the litigant - and are thus subject to offset any debt owed by such litigant to the United States, *see id.* at 2524, the opinion does not explicitly reject the practice of awarding fees to attorneys where the litigant has assigned the right to receive such fees directly.  Indeed, the opinion recognizes that this practice continues "in cases where the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney."  *Id.* at 2529 (internal quotations omitted).  Thus, pursuant to the assignment agreement between Plaintiff and counsel, attorney's fees may be made payable to Plaintiff's

---

[1]*Richter v. Comm'r of Soc. Sec.*, 379 F. App'x 959 (11th Cir. May 21, 2010) (unpublished).

attorney, subject to any offset which may be applicable.[2]

Accordingly, it is ORDERED that the Plaintiff's Petition for Attorney Fees (Doc. 20) is GRANTED.  Attorney fees and expenses in the amount of $4,589.19[3] shall be made payable to Plaintiff's attorney, subject to any right of offset the government may have under 31 U.S.C. § 3716 by virtue of any debt Plaintiff may owe to the United States.

DONE this 5th day of April, 2011.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

---

[2] The Commissioner does not challenge any of the hours expended by counsel as unreasonable nor does he challenge the hourly rate.

[3] Plaintiff's motion requested an award in the amount of $3,713.30.  In his reply to Defendant's Response, Plaintiff requested payment for an additional five hours spent preparing the reply brief, equaling $875.80, for a total award of $4,589.19.