THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID L. WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:09-cv-960-TFM |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is *Defendant's Motion to Alter Judgment Under Fed. R. Civ. P. 59(e)* (Docs. 26-27, filed 5/3/11). Defendant seeks to alter the judgment and that the Court order the award of attorney fees under Equal Access to Justice Act (EAJA), 2 U.S.C. § 24129(d), be made payable directly to Plaintiff, not Plaintiff's counsel. Defendant claims that the Court's order contravenes the EAJA mandate that attorney fees are payable to the prevailing party, not the prevailing party's attorney. Defendant also claims that the Court's order improperly encroaches upon the Anti-Assignment Act. After reviewing the motion, response, reply, and surreply as well as the current trend of similar claims, the Court **GRANTS** the motion as discussed below.

Alteration or amendment of "a judgment pursuant to Rule 59(e) is 'committed to the sound discretion of the district judge.'" *Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237,

1238-39 (11th Cir. 1985)).  At the same time, a judge should only alter the judgment under Rule 59(e) if there is "newly-discovered evidence or manifest errors of law or fact."  *Arthur v. King*, 500 F.3d 1135, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999) (inner quotations omitted)); *Grider v. Carver*, 767 F.Supp.2d 1246 (M.D. Ala. 2011) (same).  However, the moving party may not "introduce previously unsubmitted evidence absent some showing that the evidence was not available" at the time of the judgment.  *Mays v. United States Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997).  Rule 59(e) was not constructed "to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." *Mincey*, 206 F.3d at 1137 n. 69.

As discussed in its previous opinion, *Astrue v. Ratliff*, — U.S. — ,130 S.Ct. 2521, generally confirms that attorney's fee awards under the EAJA are payable to the "prevailing party" - the litigant - and are thus subject to offset any debt owed by such litigant to the United States.  *Ratliff*, 130 S.Ct. at 2524.  Since that opinion, the United States began challenging payments made payable to counsel stating that they violate the principles set forth in *Ratliff*.  This Court has traditionally, even after *Ratliff*, made awards of EAJA attorney's fees payable to counsel when counsel presents an assignment in conjunction with their motion for fees.  While it can be argued that *Ratliff* does not invalidate this practice, it is increasingly clear to the undersigned that there is little prudential reason for the court to place itself in the position of interpreting and enforcing an attorney's contract with his or her

client, where the contract itself is not related to the litigation over which the Court has presided and the client is not traditionally afforded an opportunity to be heard on the enforceability of that portion of the contract.  Moreover, the Court is not in a position to assess whether an EAJA claimant owes a debt to the United States for purposes of the offset provisions of 31 U.S.C. § 3716.  Rather, the Court must rely on the assertions of the parties as to this issue when directing payment of an award of EAJA fees.  For these reasons, the undersigned no longer considers it prudent for the Court to instruct that an award of EAJA fees be made payable to the counsel of the plaintiff.  Defendant is in a better position to determine whether Plaintiff owes any offsetting debt to the United States and, outside of that aspect of the inquiry, it is simply a matter of contract between the attorney and his or her client.

     Further, in its Rule 59 motion, the United States for the first time asserts what appears to be a successful argument against the payment of fees directly to counsel.  Plaintiff correctly notes that a Rule 59 motion should not be used to raise issues that could have been raised previously and the Court agrees that the arguments pertaining to a violation of the Anti-Assignment Act could have been raised previously.  However, the Court cannot now ignore that payment directly to plaintiff's counsel could potentially violate the Anti-Assignment Act, thus a payment directly to counsel could be manifest error of law.  As such, the wiser course of action is to make the attorney's fees payable to the Plaintiff.  However, the Court sees no reason that the check - while made out to the Plaintiff - should not be sent

to counsel of record for retrieval. *See Hamby v. Astrue*, 2008 WL 2937226, *2 (N.D. Okla. 2008); *Jones v. Astrue*, 2007 WL 4556656 (D. Kan. 2007). While this Order requires that the EAJA check be made payable to Plaintiff as the "prevailing party," the check shall still be mailed to plaintiff's counsel as the representative of Plaintiff. *See, e.g. Jones v. Astrue*, 2010 WL 3325905, *1-2 (W.D. Ark. 2010) (citing *Taylor v. Astrue*, 2010 WL 3075681, *2 (W.D. Ark. 2010)).

Without further guidance from the Supreme Court or the Eleventh Circuit, this Court now falls in line with those courts who for EAJA fees directs the payment be made to Plaintiff, but sent to counsel as plaintiff's representative. Consequently, based on the above, the Court hereby **ORDERS** the following:

(1) *Defendant's Motion to Alter Judgment Under Fed. R. Civ. P. 59(e)* (Doc. 26) is **GRANTED** to the extent the check for attorney's fees shall be made payable to Plaintiff as the prevailing party. Said check shall be mailed to plaintiff's counsel's address of record, in care of plaintiff.

(2) The original award of $4,589.19 in attorneys fees and expenses remains subject to any right of offset the government may have under 31 U.S.C. § 3716 by virtue of any debt Plaintiff may owe to the United States.

(3) The EAJA fees shall be paid promptly and within thirty (30) days of the date of this order.

(4) Plaintiff's request for supplemental EAJA fees is **DENIED**.

DONE this 6th day of September, 2011.

                                    /s/ Terry F. Moorer
                                    TERRY F. MOORER
                                    UNITED STATES MAGISTRATE JUDGE